# In re LULULEMON SECURITIES LITIGATION

**Louisiana Sheriffs' Pension & Relief Fund, Plaintiff–Appellant,**

v.

**Lululemon Athletica Inc., Dennis J. Wilson, Christine McCormick Day, Defendants–Appellees.***

No. 14–1664–cv.

United States Court of Appeals, Second Circuit.

May 15, 2015.

Robert D. Klausner, Klausner, Kaufman, Jenson & Levinson, Plantation, FL (Hannah G. Ross, Jai Chandrasekhar, Katherine M. Sinderson, Bernstein Litowitz Berger & Grossmann LLP, New York, N.Y., on the brief) for Appellant.

Joseph S. Allerhand (Caroline Hickey Zalka, Melanie A. Conroy, Robert S. Ruff III, on the brief), Weil, Gotshal & Manges LLP, New York, N.Y., for Lululemon Athletica Inc. and Christine McCormick Day.

Audra J. Soloway (Michele Hirshman, Brette Tannenbaum, on the brief), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, N.Y., for Dennis J. Wilson.

PRESENT: PIERRE N. LEVAL, RAYMOND J. LOHIER, JR., and CHRISTOPHER F. DRONEY, Circuit Judges.

Louisiana Sheriffs' Pension & Relief Fund (the Fund) appeals from the District Court's dismissal of its consolidated class action complaint for failure to state a claim under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b–5. The Fund alleged that Lululemon Athletica Inc., its founder and former chairman Dennis Wilson, and its former CEO Christine Day materially misrepresented to investors the quality of Lululemon's popular black luon yoga pants and the degree to which Lululemon implemented controls to prevent or minimize product quality deficiencies. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

For substantially the reasons provided by the District Court in its April 18, 2014, opinion and order, we conclude that the Fund has failed adequately to plead that any of the statements attributed to the defendants were materially misleading at the time that they were made. *See San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.,* 75 F.3d 801, 812 (2d Cir.1996). Insofar as the defendants are alleged to have omitted information from Lululemon's corporate website, filings with the SEC, press releases, or investor calls, the Fund has failed adequately to plead with particularity that these omissions rendered the defendants' statements "inaccurate, incomplete, or misleading" or that the defendants were otherwise under a duty to disclose such information.[1] *Stratte–McClure v. Morgan Stanley,* 776 F.3d 94, 101 (2d Cir.2015) (quotation marks omitted). Because the

---

* The Clerk of the Court is respectfully directed to amend the caption of this case as set forth above.

1. Indeed, in at least one of its SEC filings, Lululemon disclosed the possibility of product quality deficiencies and the potential adverse financial impact of these deficiencies, should they arise.

Fund has not adequately alleged any relevant material misrepresentations or omissions, we agree with the District Court that it failed to state a claim for securities fraud under §§ 10(b) or Rule 10b5. *See Starr ex rel. Estate of Sampson v. Georgeson Shareholder, Inc.,* 412 F.3d 103, 109 (2d Cir.2005). The District Court therefore also did not err in dismissing the Fund's claim of control person liability pursuant to § 20(a) of the Exchange Act. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 108 (2d Cir.2007). We have considered the Fund's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.